## Deans Oil Co., Inc. v. Kline

*E. Eugene Brosius,* for plaintiff.
*Joseph C. Michetti, Jr.,* for defendant.

KREHEL, *P.J.,* August 9, 1984—Plaintiff to this suit filed a complaint in assumpsit on April 17, 1984 in the amount of $1,921.89 against defendant.

On May 18, 1984, defendant filed a preliminary objection in the form of a motion to strike complaint for lack of jurisdiction.

An answer to preliminary objection was then filed on May 30, 1984 by plaintiff, which was reviewed by the court.

Before considering whether the court of common pleas has concurrent or exclusive jurisdiction of this matter, it is necessary that we refer to section 2 of the Judicial Code, Act of July 9, 1976 P.L. no. 142, 42 Pa. C.S. §1515, as amended which establishes jurisdiction for the district justices:

"§1515. Jurisdiction and venue.

(a) Jurisdiction. — Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), district justices shall, under procedures prescribed by gen-

eral rule, have jurisdiction of all of the following matters:

. . .

(3) Civil claims, except claims by or against a Commonwealth party as defined by section 8501 (relating to definitions), wherein the sum demanded does not exceed $4,000, exclusive of interest and costs, in the following classes of actions:

(i) In assumpsit, except cases of real contract where the title to real estate may be in question."

Although the rule states that the district justices "shall" have jurisdiction of these matters, it does not give them "exclusive jurisdiction" of claims less than $4,000.

According to 42 Pa. C.S. §931(b), as amended, the jurisdiction of the court of the common pleas "shall be exclusive except with respect to actions and proceedings *concurrent jurisdiction* of which is by statute or by general rule adopted pursuant to section 503 vested in another court of this Commonwealth or in the *district justices*." (Emphasis added.)

Since jurisdiction of this matter has been placed with district justices by 42 Pa. C.S. §1515, supra, such jurisdiction must be interpreted as concurrent with that of the court of the common pleas pursuant to section 931, supra.

Consistent with this interpretation of the law is Article 5, §5 of the Pennsylvania Constitution which provides that the court of the common pleas shall have "unlimited original jurisdiction in all cases except as may otherwise be provided by law."

The constitutional provision was implemented by the General Assembly of Pennsylvania when §931 of the Judicial Code was enacted.

"There can be no doubt that the courts of the common pleas have for years had the authority

granted by law and usage to enforce contracts and fashion remedies for the breach thereof." Martino v. Transport Workers Union of Philadelphia Local 234, 301 Pa. Super. 161, 167, 447 A.2d 292, 299 (1982).

In Id. it was determined that courts of common pleas have unlimited original jurisdiction in all cases except as otherwise provided by law and in view of 42 Pa. C.S. §931.

In the concept of unified judiciary — an independent system of justice — responsibility for the administration of district justices is placed with the president judge of the common pleas court. Appeals from rulings of district justices are heard by the common pleas court, and hearings de novo are a regular procedure at the trial court level.

Accordingly, having concluded that the Court of Common Pleas of Northumberland County has concurrent jurisdiction of this matter with the district justices, we enter the following

## ORDER

And now, this August 9, 1984, it is hereby ordered, adjudged and decreed that defendant's motion to strike complaint for lack of jurisdiction be denied.